(No. 4342-

TOM F. ALLMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

D. W. JOHNSTON AND D. R. KINDER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Tom F. Allman, was on June 28, 1949 employed by the respondent, in the Department of Public Works and Buildings, Division of Highways. Mr. Allman was 72 years of age, and had no children under 16 years of age dependent upon him for support. He was first employed by the Division of Highways on May 21, 1935 as a common laborer at a wage rate of 40 cents an hour. Mr. Allman worked intermittently, weather permitting and work being available, in this same classification and at the same wage rate until January 31, 1941. He was not employed by the Division between January 31, 1941 and February 16, 1949. On this last named date,

he was again employed as a common laborer at a wage rate of 90 cents an hour. Beginning with February 16, 1949, Mr. Allman worked continuously, weather permitting and work being available, until the date of his injury, June 28, 1949. Other Division employees, working in the same capacity as claimant, ordinarily work less than 200 days a year; therefore, under Section 10 of the Workmen's Compensation Act, claimant is presumed to have earned $1,600.00 in the year preceding the accident.

On June 28, 1949, Mr. Allman was one of a group of men assigned to the preparation of a mixture of gravel and bitumen to be used in the repair of highway surfaces. This material is prepared by mixing in a mechanical mixer definite proportions of gravel and bituminous products. At approximately 10:00 A.M. that morning, Mr. Allman was cranking the gasoline motor, which backfired, and Mr. Allman's right wrist was injured when struck by the hand crank.

Mr. Allman was sent to Dr. Ross W. Griswold, who had X-Rays taken at the St. Francis Hospital in Litchfield, and submitted the following report to the Division on June 29, 1949:

"Possible fracture of right forearm."

The Division had Mr. Allman taken to Dr. J. Albert Key and Associates, who reported as follows on September 29, 1949:

"Mr. Tom Allman was examined on the 26th of September, 1949, and has, in my opinion, a traumatic synovitis of the right wrist."

On February 24, 1950 Dr. Key and Associates reported as follows:

"Mr. Tom Allman continues to have a swollen, painful hand and wrist with limitation of motion of the fingers. Splinting of the hand and wrist relieves the pain but does not alleviate the swelling. This is a very chronic lesion which has failed to respond to anything which I have done so far. At

the time of his last visit on February 20, 1950, I removed the splint and I have requested that he come back on Friday so that I may do a stellate sympathetic block, hoping that this will improve the circulation in the hand."

Dr. Key and Associates again reported on October 23, 1950:

"Mr. Tom Allman was examined again on October 12, 1950. He continues to complain of pain in the right shoulder and in the right hand. He further complains that if he uses the hand it swells and that the grip is so weak that he is unable to pick up anything or to use it forcefully.

Examination shows the patient to have some limitation of the right shoulder because of pain. At the time there was very little swelling of the hand and very little tenderness. There is a very weak grip, however, and the patient did not make a complete fist due to limitation of flexion of the fingers.

It is my feeling that this case has now reached a permanent state and I would estimate that he had an impairment of approximately 50 per cent of the right arm. I do not believe that there is any further treatment indicated."

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment. The only question is the extent of disability suffered by claimant. Respondent furnished complete medical and hospital treatment.

From the evidence and the Commissioner's observations, claimant is entitled to an award of fifty per cent (50%) loss of use of his right arm, under Section 8, Paragraph (e), of the Workmen's Compensation Act. His compensation rate, therefore, would be $15.00 per week. However, as the injury was incurred after July 1, 1947, this must be increased 30 per cent, making his compensation rate $19.50 per week for 112½ weeks or the sum of $2,193.75.

After his injury of June 28, 1949, Mr. Allman continued at light work until December 15, 1949. He was totally disabled because of this injury from December 15, 1949 to July 31, 1950, inclusive, a period of 32 5/7 weeks. He was paid compensation at the rate of $22.50 a week in the amount of $736.04. As claimant's compen-

sation rate is $19.50 per week, an overpayment of $98.09 exists.

Compensation was terminated July 31, 1950, two days after Dr. Reynolds of Dr. Key and Associates wrote: "I feel that it would be of help in his convalescence, if he could be provided with a light job".

An award is, therefore, entered in favor of the claimant, Tom F. Allman, in the sum of $2,193.75, less the sum $98.00, overpayment for the period of temporary total disability, or the sum of $2,095.66, payable as follows:

$ 869.16 which has accrued, is payable forthwith;

$1,226.50 is payable in weekly installments of $19.50, commencing June 15, 1951 for 62 weeks, with a final payment of $17.50.

Virginia Winkleblack was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $41.40 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Virginia Winkleblack, in the amount of $41.40, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."